E-FILED
Thursday, 23 April, 2020  05:04:49 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>STEVEN M. ALDERSON and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 4:20-cv-04098<br><br>COMPLAINT |

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty") brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, against Defendant Steven M. Alderson ("Alderson") and Defendant State Farm Fire and Casualty Company ("State Farm") and, in support thereof, states as follows:

**<u>INTRODUCTION</u>**

1.      Liberty seeks a declaration that it owes no auto-policy liability-insurance coverage with respect to the claim against Alderson in an underlying lawsuit, *Andrew E. Tolle v. Jacqueline J. Wells, Gloria Wells and Steven M. Alderson*, Case No. 17 LL 0045, pending in the Circuit Court of Knox County, Illinois (the "Underlying Lawsuit").

2.      Liberty has no coverage obligations in this regard because Alderson is not its insured and because, on behalf of its insureds Jacqueline Wells and Gloria Wells, Liberty already has paid its applicable $100,000 limit of liability in settlement of the claims of Andrew Tolle

1

("Tolle") against them in the Underlying Lawsuit, which settlement was approved by the court therein by a good faith finding made in June 2018.

## JURISDICTION AND PARTIES

3.      Liberty is a Wisconsin insurance company with its principal place of business in Boston, Massachusetts.

4.      Upon information and belief, Alderson is an Illinois citizen with his residence in Knox County, Illinois.

5.      State Farm is an Illinois insurance company with its principal place of business in Bloomington, Illinois.

6.      Pursuant to 28 U.S.C. § 1391(a)-(c), venue is proper in this District because a substantial part of the events or omissions giving rise to the matter at issue occurred in this district.

7.      Pursuant to 28 U.S.C. § 1332, jurisdiction is proper in this Court because the adverse parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over Alderson because, upon information and belief, he is a resident of the State of Illinois.

9.      This Court has personal jurisdiction over State Farm because it is domiciled in the State of Illinois.

10.     This Court may declare the rights and other legal relations of the parties pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 because, as between the plaintiff and defendants, an actual and substantial controversy exists within the jurisdiction of the Court regarding, *inter alia*, whether Liberty owes any auto-policy liability-insurance coverage with respect to the claim against Alderson in the Underlying Lawsuit.

**BACKGROUND**

11.     Tolle initiated the Underlying Lawsuit on October 12, 2017, filing therein a complaint (the "Original Underlying Complaint") naming as defendants Jacqueline Wells and Gloria Wells.  (A copy of the Original Underlying Complaint is attached and incorporated by reference as Exhibit 1.)

12.     The Original Underlying Complaint alleged in part that, on May 9, 2017, a motor vehicle operated by Jacqueline Wells and owned by Gloria Wells struck and injured Tolle while he was riding his bicycle in Knox County, Illinois (the "Accident").  (Exh. 1, ⁋ 7.)

13.     The Original Underlying Complaint so alleged that, with respect to the Accident, Jacqueline Wells, "individually and as agent of" Gloria Wells had "carelessly and negligently failed to operate [such] motor vehicle in a safe manner[.]"  (Exh. 1, ⁋ 8.)

14.     Liberty defended Jacqueline Wells and Gloria Wells in the Underlying Lawsuit.

15.     On or about April 10, 2018, Tolle indicated that, in exchange for the payment of the applicable $100,000 limit of liability of an insurance policy issued by Liberty and discussed below, he would release of his claims against Jacqueline Wells and Gloria Wells in the Underlying Lawsuit.

16.     On April 19, 2018, Tolle filed therein a First Amended Complaint (the "Amended Underlying Complaint") adding Alderson as a defendant the Underlying Lawsuit.  (A copy of the Amended Underlying Complaint is attached and incorporated by reference as Exhibit 2.)

17.     As against Jacqueline Wells and Gloria Wells, the Amended Underlying Complaint repeats the allegations made against them in the Original Underlying Complaint.

18.     As against Alderson, the Amended Underlying Complaint alleges in part that he knew that Jacqueline Wells "had not taken her prescribed medication and had been acting in an

3

irregular and agitated state before she left to drive her [sic] and ultimately strike" Tolle; that "since

they had lived together for a significant period of time," he "had control of [her] [sic] vehicle[;]"

and that, with respect to the Accident, he "[c]arelessly and negligently permitted [her] to operate

a vehicle he controlled . . . ."  (Exh. 2, ₱₱ 7-8, 12.)

19.     The Amended Underlying Complaint seeks damages in excess of the $50,000

jurisdictional limit of the Knox County Law Division, plus costs.  (Exh. 2, ₱ 12, Count I.)

20.     Upon information and belief, Tolle allegedly has incurred in excess of $250,000 in

medical expenses as a result of his injuries.

21.     On or about May 16, 2018, Liberty agreed to pay such limit to Tolle in exchange

for the release by him of his claims against Jacqueline Wells and Gloria Wells in the Underlying

Lawsuit, thus accepting his settlement demand (the "Wells Settlement").

22.     On June 5, 2018, the court in the Underlying Lawsuit approved the Wells

Settlement and entered an Order of Good Faith Finding dismissing the claims therein against

Jacqueline Wells and Gloria Wells (the "Order of Good Faith Finding").  (A copy of the Order of

Good Faith Finding is attached and incorporated by reference as Exhibit 3.)

23.     In connection therewith, Liberty paid $100,000 to Tolle by check issued on June

18, 2018.  (A copy of the settlement check is attached and incorporated by reference as Exhibit 4.)

24.     As of the date of the Accident, Alderson maintained an auto policy issued by State

Farm (the "State Farm Policy").

25.     Pursuant to the State Farm Policy, State Farm began defending Alderson after the

filing of the First Amended Complaint in the Underlying Lawsuit.

26.     By letter dated December 14, 2018, State Farm subsequently tendered to Liberty both the defense and indemnity of Alderson in the Underlying Lawsuit.  (A copy of such letter is attached and incorporated by reference as Exhibit 5.)

27.     Explaining that Alderson is not an "insured" under its policy and that it already has paid its applicable limit of liability, *see infra*, Liberty has declined to provide indemnity and defense coverage but, on behalf of Alderson, State Farm has continued to renew its tender to Liberty.

## THE LIBERTY POLICY

28.     For the period from September 15, 2016 to September 15, 2017, Liberty issued to Gloria Wells (named thereon as Gloria J Wells) an auto policy, number A02-248-127433-60 6 5 (the "Liberty Policy").

29.     The Liberty Policy includes liability coverage with a bodily injury limit of liability of $100,000 for each person.  (A copy of the Liberty Policy is attached and incorporated by reference as Exhibit 6.)

30.     The Liberty Policy includes the following provisions, which appear in the principal policy form:

**DEFINITIONS** . . . .

**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.  This includes a ward or foster child. . . .

**PART A – LIABILITY COVERAGE**

**INSURING AGREEMENT**

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. . . .  We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.  In addition to our limit of liability, we will pay all defense costs we incur.  Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgment or settlements.  We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**B.** "Insured" as used in this Part means:

    **1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

    **2.** Any person using "your covered auto".

    **3.** For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part. . . .

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident.  Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.  The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.

  This is the most we will pay regardless of the number of:

    **1.** "lnsureds";

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the auto accident.

(Exh. 6 at LM_0006-LM_0009.)

## COUNT I
### (Alderson Is Not An Insured Under the Liberty Policy)

31.      Liberty repeats and realleges the preceding paragraphs of this Complaint.

32.      One requirement for liability coverage under the Liberty Policy is that the person against whom a third-party claim is made qualify as an "insured" as defined therein for purposes of such coverage.  (Exh. 6 at LM_0007.)

33.      Alderson does not qualify as an "insured" for such purposes, thus precluding any such coverage for the claim against him in the Underlying Lawsuit.

6

WHEREFORE, Liberty respectfully prays for a judgment declaring that it has no duty to defend or to indemnify Alderson in the Underlying Lawsuit and awarding it all other relief this Court deems just and appropriate.

## COUNT II
### (The Liberty Policy's Limit Of Liability Is Exhausted)

34.    Liberty repeats and realleges all preceding paragraphs of this Complaint.

35.    For purposes of liability coverage under the Liberty Policy, Liberty's "duty to settle or defend ends when [its] limit of liability for this coverage has been exhausted by payment of judgment or settlements."  (Exh. 6 at LM_0007.)

36.    For purposes of such coverage, the Liberty Policy's applicable limit of liability is $100,000.  (Exh. 6 at LM_0001.)

37.    The Liberty Policy's $100,000 applicable limit of liability has been exhausted by payment of the settlement of Tolle's claims against Gloria Wells and Jacqueline Wells in the Underlying Lawsuit, thus precluding any such coverage for the claim against Alderson.

WHEREFORE, Liberty respectfully prays for a judgment declaring that it has no duty to defend or to indemnify Alderson in the Underlying Lawsuit and awarding it all other relief this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Liberty hereby demands a trial by jury for all for all issues so triable.

Dated:  April 23, 2020

LIBERTY MUTUAL FIRE INSURANCE COMPANY

By:

7

Alexander B. Mahler (#6275774)
Regina A. Ripley (#6273483)
**NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**
10 South Wacker Drive, Suite 2100
Chicago, IL 60606 s
Tel. 312-585-1400
Fax: 312-585-1401